## WEER v. BELL et al.

No. 5229—Opinion Filed Feb. 12, 1918.

Rehearing Denied May 21, 1918.

(174 Pac. 500.)

(Syllabus.)

### 1. Judgment—Res Judicata.

On August 2, 1910, Horace Posey, a citizen by blood of the Creek Nation, executed a deed to his allotment to his brother, Frank Posey, and on September 6, 1910, Frank Posey executed a deed to the same land to one J. H. Weer, and on October 8th thereafter Horace Posey executed a quitclaim deed to Frank Posey. Subsequent to the execution of said deeds Horace Posey instituted an action against Frank Posey and Weer to cancel the deeds executed by him to Frank Posey, on the grounds of minority and fraud, and in the same action asked and obtained a decree quieting his title as against Weer. After the rendition of this judgment Horace Posey conveyed the land to one Bell. Held, that the judgment against Weer was a bar to an action by him to quiet his title as against Bell.

### 2. Judgment—Action to Vacate—Parties.

In an action to vacate and set aside a judgment, the plaintiff in whose name the judgment stands is a necessary party to the action.

Error from District Court, McIntosh County; Preslie B. Cole, Judge.

Action by J. H. Weer against Harry H. Bell and another. Judgment for defendants, and plaintiff brings error. Affirmed.

C. P. Chenault, for plaintiff in error.

N. A. Gibson, Jos. L. Hull, and T. L. Gibson, for defendants in error.

RAINEY, J. The parties to this action will be designated as they appeared in the trial court. The plaintiff, J. H. Weer, instituted this action in the district court of McIntosh county, Okla., against Harry H. Bell and Homer Lee, to recover the possession of a tract of land, damages for the detention thereof, and to cancel certain instruments of record as clouds upon plaintiff's title. Plaintiff deraigns his title as follows: August 2, 1910, deed from the allottee, Horace Posey, to Frank Posey; September 6, 1910, deed from Frank Posey to J. H. Weer; October 8, 1910, quitclaim deed from Horace Posey to Frank Posey. The deeds which plaintiff sought to have canceled were as follows: August 18, 1910, deed from Horace Posey to Harry H. Bell; December 26, 1911, deed from Horace Posey to Harry H. Bell; April 10, 1911, deed from Frank Posey to Harry H. Bell.

For answer to the plaintiff's petition the defendants admitted that on the 2d day of August, 1910, Horace Posey executed an instrument in the form of a warranty deed, by which he attempted to convey the land in controversy to Frank Posey, but alleged that at the date of the execution of said deed, Horace Posey was a minor, and that said deed was void; admitted that on the 6th day of September, 1910, Frank Posey executed a deed to the plaintiff, J. H. Weer, but alleged that the same was void, for the reason that the grantor had no title at the time of the execution of said deed. The defendants further alleged that, subsequent to the execution of said deeds, Horace Posey instituted a suit in the district court of McIntosh county against the plaintiff, J. H. Weer, alleging that he (Posey) was a minor at the time of the execution of his deed to Frank Posey, that he became 21 years of age on the 5th day of October, 1910, and praying that the deeds from him to Frank Posey, and from Frank Posey to J. H. Weer, be canceled, and that title to the land herein involved be quieted in him; that summons was duly served in said action, and that on the 10th day of April, 1911, trial was had, and a judgment rendered by the district court of McIntosh county, decreeing that Horace Posey was a minor on August 2, 1910, and that the deed from Horace Posey to Frank Posey, and the deed from Frank Posey to J. H. Weer were void, and a cloud upon the title of the said Horace Posey, and ordered the same be canceled and held for naught, and quieted the title in the plaintiff.

The judgment further provided "that the defendant, J. H. Weer, be and he is hereby enjoined from asserting any claim, right, or title to said land, and that the said plaintiff have judgment against the said defendant, J. H. Weer, for the costs of this cause, for which let execution issue."

The defendants in this action further alleged that said decree was final, that no appeal was taken therefrom; and that no effort had been made to vacate the same, and that said judgment was in full force and effect. Thereafter the plaintiff in this action filed a reply, in which he admitted the rendition of the judgment pleaded by the defendants in their answer, but alleged that said decree or judgment was null and void and without effect; that the court had no jurisdiction in said action of the defendant, J. H. Weer, because no summons or process of court was served on him as required by law, or otherwise, before the rendition of said judgment or decree, or at any other time; "That in said action a copy of summons in said action was, through mistake of the sheriff's deputy, served on J. E. Weer, and through mistake of said officer returned as served on J. H. Weer, and that they were different persons; that the sheriff named in said summons is dead, and his estate is insolvent; that the deputy sheriff is insolvent, and that the defendant had no remedy at law against said persons for injury through said mistake; that the plaintiff had no notice of the pendency of said suit and did not know of the rendition of said judgment until it was asserted against him in this action." Plaintiff then prayed that the judgment set up in the defendants' answer be vacated, and for the relief asked in his original petition.

Upon motion of the defendants, the trial court struck the reply, and rendered judgment on the pleadings. From this action of the trial court the plaintiff has appealed to this court, and for reversal of the cause contends: First, that the judgment pleaded in defendants' answer did not adjudicate the question of plaintiff's title under the deed of October 8, 1910, from Horace Posey, the allottee, to his brother, Frank Posey, and that the after-acquired title in Frank Posey vested in the plaintiff under the deed theretofore executed by Frank Posey to the plaintiff; second, that the court had no jurisdiction of defendant, J. H. Weer, at the time of the rendition of the judgment in April, 1911, and that said judgment was void for want of jurisdiction, and subject to attack by the plaintiff in his reply.

There is not any merit in the first contention, for the reason that whatever rights J. H. Weer may have obtained by virtue of the deed to him from Frank Posey, on October 8, 1910, accrued prior to the rendition of the judgment in April, 1911. This judgment quieted the title in Horace Posey as against the plaintiff, J. H. Weer.

It is only necessary for us to consider one of the many contentions made by the defendants in error in support of the judgment of the trial court, for the reason that we are of the opinion that the contention of counsel for defendants in error that Horace Posey was a necessary party before the trial court would have authority to set aside the judgment is well taken. All the authorities agree that in any case where a judgment, valid on the face of the record, is assailed, before the court in a separate action would have jurisdiction to vacate and set the same aside, all the parties to the judgment so assailed must be made parties to the action.

In 15 Ruling Case Law, § 151, p. 700, the rule is stated as follows:

"In a proceeding either at law or in equity to annul a judgment, all of the parties to the judgment should be joined, and notice should be given to them of the application to vacate the judgment. The inherent jurisdiction of a court to vacate its void judgments does not authorize it to act without notice to the parties even for the purpose of clearing its records of void judgments. The parties to an action have as much right to be heard upon the question of the validity of the judgment as any other." Day v. Goodwin, 104 Iowa, 374, 73 N. W. 864, 65 Am. St. Rep. 465; Hettrick v. Wilson, 12 Ohio St. 136, 80 Am. Dec. 337; Dwyer v. Nolan, 40 Wash. 459, 82 Pac. 746. 1 L. R. A. (N. S.) 551, 111 Am. St. Rep. 919, 5 Ann. Cas. 890.

In 23 Cyc. p. 1034, it is stated:

"To a bill in equity to enjoin the enforcement of a judgment recovered at law, all the parties to the original action should be made parties, and also any other persons whose rights would or might be affected by the grant of the relief asked. A bill in equity for relief against a judgment should join as defendants all persons really and beneficially interested in the judgment, or whose rights are liable to be affected by the injunction, including plaintiff or joint plaintiffs in whose name the judgment stands. * * *"

Horace Posey was the plaintiff in the action wherein the judgment was procured against J. H. Weer, the plaintiff in this action. Horace Posey is not a party to the instant action, and no attempt was made to make him a party.

For the reason stated, it follows that the action of the trial court in striking plaintiff's reply and rendering judgment on the pleadings was correct, and the judgment is therefore affirmed.

All the Justices concur.