**ALLAN et al. v. CITY OF NORMAN et al.**

No. 14522—Opinion Filed Dec. 26, 1923.

Rehearing Denied April 29, 1924.

1. **Judgment—Vacation by Taxpayers of City—Necessity for Petition.**

Where certain taxpayers seek to have certain judgments against the city in which they live and are taxpayers vacated, they should proceed by petition and not by motion.

2. **Same—Motion to Vacate—Dismissal.**

Where a motion by taxpayers is filed in a suit to vacate certain judgments rendered more than six months prior to the filing of such motion, it was not error for the trial court to dismiss such motion.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Cleveland County; T. G. Chambers, Assigned Judge.

Action by John S. Allan and 11 other taxpayers against the City of Norman, Okla., and others to vacate a certain judgment en-

tered on the 20th day of September, 1922. Judgment for defendants, and John S. Allan and others appeal. Affirmed.

Grigsby & Grigsby and John S. Allen, for plaintiffs in error.

J. B. Dudley, R. C. Hardie, and S. Grim, for defendants in error.

Opinion by MAXEY, C. The record in this case is so mixed up that it is difficult to determine just what the court is called upon to decide. On August 7, 1922, J. W. Linton and other property owners in improvement district No. 36 filed a petition in the district court of Cleveland county seeking to enjoin the city, its mayor, and M. R. Ammerman from carrying out a certain paving contract entered into between the city through its mayor and commissioners with M. R. Ammerman, which they alleged was void, and that no assessing ordinance should be enforced against it. They attached to their petition certain statements of indebtedness of the city, and other exhibits which it is not necessary to notice here. The court granted a temporary restraining order upon the filing of this petition. On August 26, 1922, certain pleadings were filed by the defendants and the paving contractor with motion to dissolve the restraining order, and M. R. Ammerman, the contractor, filed an answer and cross-petition. The temporary restraining order was continued in force until September 25, 1922, at which time the parties agreed to try the case on its merits, and the respective parties introduced their evidence, and the court held that that part of the cost known as storm sewer and lead pipe construction was not chargeable to the taxpayers, and there was an item of five per cent. on prices of construction that the court also held was not properly chargeable or assessable against the property of that district. These items were deducted, amounting in the aggregate to $59,859.32, judgment entered deducting those amounts by holding that part of the cost of improvement consisting of paving was properly chargeable against the property owners of district No. 36. The same judgment was entered, with the exceptions of the amount, in the case involving the property in district No. 37. The amount deducted for storm sewer and lead pipe connections in district No. 37 amounted to the sum of $64,009.81. No appeal was taken from this judgment, and on October 23, 1922, Ammerman, the paving contractor, took judgment on his answer and cross-petition for the amount deducted from the cost of construction in the two paving districts against the city of Norman in the sum of

$108,671.23. No appeal was taken from this judgment or the judgment entered in No. 37, and the terms of the judgment seem to have been carried out by the city, and the property owners given proper credit on their assessments in accordance with said judgments. On the 23rd of October, 1922, Ammerman, the contractor, sold and transferred said judgments to the American National Bank of Oklahoma City, and matters moved on under said judgments until March 28, 1923, when John S. Allan and 11 others filed in said cause the following motion, omitting the caption and signature:

"Comes now John S. Allan, J. D. Maguire, George Smith, Watson Maple, L. P. Barker, Ed. P. Engle, W. D. Reeves, Hugh Jones, T. E. Smith, Frank McGinley and R. C. Berry, and show to the court that they are residents and taxpayers of the city of Norman, state of Oklahoma.

"That the judgment rendered against the city of Norman in this cause and the companion cause No. 5699, which was tried with this cause amounts to the sum of $108,671.23 is more than three per cent. of the assessed valuation of all the taxable property in the said city of Norman, Okla., and that if this judgment is permitted to remain in force these interveners will be greatly injured by the large increase of their taxes.

"2nd. Your petitioner further alleges that this action was instituted by J. W. Linton, and a large number of others, property owners within the city of Norman, to have a certain paving contract purporting to have been entered into by and between the said city of Norman, and the defendant M. R. Ammerman, declared null and void, and to have the assessing ordinance by means of which the said city was attempting to levy a special assessment upon the property of the plaintiffs, to pay the costs of certain improvements made upon the streets abutting the said property declared null and void and to secure an injunction against the officials of the said city and against the county treasurer of Cleveland county, Okla., restraining them from attempting to collect said special assessment.

"3rd. That a temporary injunction restraining the said city officials and county treasurer from attempting to collect the said special assessment was granted by this court on the 7th day of August, 1922. That thereafter a motion to dissolve said temporary injunction was filed by defendants, and that said cause came on for hearing on said motion to dissolve the temporary injunction on September 22, 1922, and that all the evidence that was taken in said cause was taken on the hearing of the motion to dissolve the temporary injunction. That during the trial of this cause no question other than the right of the plaintiffs to an injunction was before the court.

"4th. Your petitioners further alleges that on the 25th day of September, 1922, after the hearing of the cause the defendant, M. R. Ammerman asked permission to answer and file a cross-petition against the codefendant, the city of Norman; that the request was granted; that M. R. Ammerman's cross-petition and the answer by the city of Norman were filed and the judgment taken immediately without hearing any evidence or argument of counsel respecting the liability of the city of Norman to the defendant, M. R. Ammerman.

"Said petitioners allege the facts to be that the said city of Norman entered into a paving contract with M. R. Ammerman to pave certain streets in the city of Norman, and to do the necessary guttering, excavating and draining the same, but never at any time did said city of Norman enter into a contract with the said Ammerman by which it became liable to said Ammerman for any charges for the building of storm sewers and lead pipe connections, for which last mentioned charges said judgment for the sum of $108,671.23 was rendered, that said city was not authorized to contract for storm sewers and lead pipe connections or to expend any sum of money for the same, that said city had made no estimate for the payment of the same, or at any time make or approve an estimate with which to pay said sum or any portion thereof for storm sewers and lead pipe connections. That said city has never been authorized to contract sewer or lead pipe connections, or expend said sum by virtue of a bond issue. That said sums are wholly in excess of the amount for which said city could become indebted by virtue of the provisions of the Constitution, of the state of Oklahoma.

"5th. That the said judgments are null and void for reasons that they represent an indebtedness for which the city did not and could not contract for. That the court was without jurisdiction to render said judgments.

"Wherefore, Your petitioners move the court to vacate, set aside and hold for naught the judgments rendered herein and further refuse to cause to be issued any funding bonds to liquidate said judgments."

It will be observed that this motion was filed over six months after the judgments, above set out, were entered and that the motion is not verified. The record does not show whether there were any appearances made to the petition by the defendants to this motion, but does show that on April 23, 1923, Judge Chambers entered the following order:

"Now on this, the 23rd day of April, 1923, the above entitled cause comes on for hearing upon the motion of John S. Allan et al., interveners herein, to vacate and set aside the judgment made and entered therein on September 25th, 1922; the respective parties appearing by their counsel, and the court, upon consideration of said motion, after hearing the arguments in support of and against the same, during which discussion the court inquired of the attorney for the interveners if any fraud or collusion was alleged or claimed in connection with the rendition of the judgment sought to be vacated, to which he replied that none was alleged or claimed, finds that the same should be overruled.

"It is therefore considered, ordered, adjudged and decreed by the court that said motion of the interveners herein to vacate said judgment be, and the same hereby is, overruled, to which they, and each of them, except and the exceptions are by the court allowed.

"They thereupon, in open court, gave notice of their intention to appeal from said order to the Supreme Court and requested the court to direct the clerk to make an entry on the trial docket of said court of their intention to so appeal, which was done; they also asked for additional time to prepare and serve case-made on appeal and the court thereupon gives and grants them sixty (60) days time from this date in which to prepare and serve case-made on appeal, the plaintiffs and defendants to have ten (10) days thereafter to suggest amendments, case-made to be signed and settled upon five (5) days' notice in writing by either party"

—overruling said motion, and from that order overruling the motion of petitioners, the petitioners have appealed to this court.

There was no testimony, so far as the record shows, taken on the hearing of this motion. It seems from the order overruling the motion, that the court inquired of counsel for petitioners if any fraud or collusion was alleged or claimed in connection with the rendition of the judgment sought to be vacated, to which counsel replied there was none alleged or claimed. The record in this case is a cross between a case-made and a transcript, but does not contain the requisites of either, and it is very hard to determine just what should be done with the case. We have called attention to certain parts of the proceedings that were before the filing of this motion, but we are unable to determine whether it was the intention to make those proceedings a part of the motion, but as they are incorporated in the record, we have noticed them for the purpose of leading up to the main question in the case, and that is, whether after the lapse of the term a judgment can be vacated on an unverified motion. Section 810, Comp. Stat. 1921, sets forth nine different grounds where the district court shall have power to vacate or modify its own orders or judgments at or after the term. On just which one of these

nine grounds petitioners seek to have this judgment vacated is not clear, but conceding that the motion is broad enough to cover one or more of the grounds where the district court may review, vacate, or modify its own orders, the question then arises, Can it be done by motion? Section 811, Comp. Stat. 1921, provides:

"The proceedings to correct mistakes or omissions of the clerk on irregularity in obtaining a judgment or order shall be by motion upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

Section 812, Comp. Stat. 1921, provides the proceedings to vacate or modify the judgment or order on the grounds mentioned in subdivisions 4, 5, 6, 7, 8, and 9 of section 810 shall by the petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify, and the defense to the action, if the party applying was defendant. On such petition a summons shall issue and be served as in the commencement of an action.

The terms of court in Cleveland county, in which this action arose, are fixed by Comp. Stat. 1921, section 3072, as follows: "Terms of court in Cleveland county in April and September." It will be observed that the judgments sought to be vacated were entered September 25, 1922, which was at the September term, and the petition to vacate which is involved in this suit was filed March 28, 1923. So it will be seen that notwithstanding more than six months elapsed after the entry of the judgment sought to be vacated and the filing of the petition to vacate them, it was still before the April term begun. But the hard problem for us to decide is whether the petitioners have pursued their proper remedy. We are inclined to the opinion that they should have proceeded by petition under section 812, Comp. Stat. 1921, and not by motion. If they had proceeded in the way suggested, summons would have been issued and served and the parties would have been before the court. It might be contended that if the court treated the motion as a petition and acted on it as a petition, the manner in which the petitioners proceeded would be waived. But we have examined the record to find whether the city and its officers and the contractor in any way appeared and resisted petitioners motion, but have been unable to find anything to show that they appeared. So far as the record shows it was an ex parte hearing on the motion, and upon the court

inquiring of counsel for petitioners whether any fraud or collusion was alleged or claimed in connection with the rendition of the judgment sought to be vacated, counsel replied there was none. We presume that the court thought these were necessary allegations, and for that reason overruled the motion.

After a thorough reading of the briefs of counsel and a reading of the entire record in the case, we are of the opinion that the trial court was right in overruling petitioners' motion, and that its judgment should be affirmed.

By the Court: It is so ordered.