## SMITH v. SMITH.

No. 15225—Opinion Filed May 20, 1924.

(Syllabus.)

**Appeal and Error—Necessity for Motion for New Trial—Appeal from Vacation of Judgment.**

Where a petition is filed, under subdivision 4, section 5267, Rev. Laws 1910, seeking to vacate a judgment on the grounds of fraud practiced by the successful party in obtaining the judgment, and an answer is filed, denying the allegations of the petition, and issues joined, and the same is tried to the court on the evidence adduced, this is in the nature of an independent action, and in order that this court may obtain jurisdiction to review the judgment of the trial court vacating the former judgment entered, a motion for new trial is necessary, and the same must be incorporated, together with the action of the court thereon, in the case-made attached to the petition in error, and where no motion for new trial is filed, as in the instant case, the motion to dismiss the appeal should be sustained.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by N. E. Smith against H. H. Smith to vacate judgment. Judgment for

the former, and the latter brings error. Dismissed.

S. W. Rose and Robert R. Smith, for plaintiff in error.

Eaton & Gilder, for defendant in error.

BRANSON, J. Plaintiff in error. H. H. Smith, was granted a divorce from defendant in error, N. E. Smith, in the district court of Okmulgee county, October 11, 1921. On April 7, 1923, defendant in error filed a petition under sections 810 and 812, Comp. Stat. of Oklahoma for 1921, to vacate the decree of divorce for fraud in connection with service by publication. Plaintiff in error's demurrer to the petition to vacate was overruled and answer filed, and the issues in the case thereby made up. Upon trial of the case, considerable testimony from both sides was introduced, after which the trial court found that the decree of divorce was procured by the most gross fraud, and that the petitioner had a good defense to the petition for divorce. Judgment was rendered upon these findings, vacating the divorce decree, and from this ruling of the court the cause was brought here by petition in error and case-made. Defendant has filed a motion to dismiss the proceeding in error, in which it is contended that the action of the court in vacating the decree in the divorce suit is not an appealable order or judgment, and even though it be held to be an appealable order or judgment, no motion for a new trial was filed, which was necessary in order to present to this court errors of law occurring in the trial of the case. No response has been filed.

A number of cases have been cited in support of the contention that the order sought to be reviewed is not appealable, and the early cases do hold that an order vacating a judgment on motion is interlocutory and not appealable. In the very recent case of Dardenne v. Daniels et al., 101 Okla. 201, 224 Pac. 152, decided March 11, 1924, being No. 15880, this court held in the first paragraph of the syllabus:

"Proceedings by petition under sec. 810, Compiled Oklahoma Statutes, 1921, to set aside a judgment for fraud practiced by the successful party in obtaining such judgment, constitute a civil action, and not a mere special proceeding, and when otherwise applicable and sufficient, it comes within the third ground of demurrer set out in sec. 268, Compiled Oklahoma Statutes, 1921, as another action pending."

In Vann v. Union Central Life Insurance Co., 79 Okla. 17, 191 Pac. 175, it is said:

"* * * The motion to vacate is a statutory substitute (although not exclusive) for a bill in equity, and no one would claim that a judgment of the court in equity, denying or granting plaintiff relief, was not appealable. Stevirmac Oil & Gas Co. v. Dittman, 245 U. S. 210."

In the Oil Company Case, supra, it was said in the syllabus:

"A party against whom a default judgment had been rendered in the district court 18 months previously, applied there to have it set aside for lack of personal jurisdiction, alleging that there was no service, and that the return of service upon which the default was based, was unauthorized and false. After hearing the affidavits, the court sustained its jurisdiction to enter the judgment and overruled the application. Held, that the proceeding to set aside the judgment amounted to an independent action, and that the question of jurisdiction, as it related only to the power of the court in the original action, could not be made the basis of a direct writ of error, under judicial code, section 238, to determine the correctness of the order."

And in the opinion:

"The plaintiff in error correctly contends that the proceeding to set aside the original judgment is in effect an independent action, and the judgment therein final and reviewable. * * * In such case, we have no doubt that, in view of the nature of the attack made upon the original judgment, the judgment in the present proceeding was final, and reviewable in the court of appeals. Rust v. United Waterworks Co., 70 Fed. 129."

In Van Noy v. Jackson, 68 Okla. 44, 171 Pac. 476, this court said:

"In the instant case, the proceeding to vacate the judgment was an independent action, and an entirely different case, taking a different number on the docket from the case in which the decree quieting the title in Jackson had been rendered. Original process issued to bring Jackson into court in that action. The relative character of the parties to that action was exactly the reverse of the former action, and judgment rendered in the new action, although it operated upon the original cause, is nevertheless a termination of the new suit, and did not deprive Van Noy of the rights acquired in good faith and for value under the judgment rendered in the action between Jackson and Vandiver, in which title was quieted in Vandiver."

In the case of Harper et al. v. Rutland Savings Bank, 79 Okla. 274, 192 Pac. 1101, this court said in the second paragraph of the syllabus:

"Where a petition is filed under subdivision 4, section 5267, Rev. Laws 1910 (same as in this case), seeking to vacate a judgment on the grounds of fraud practiced by the successful party in obtaining

the judgment, and an answer is filed deny-- ing the allegations of the petition and issue is joined, and after the close of the evidence in support of the petition a demurrer is filed to the evidence as being insufficient to sustain the allegations of the petition, which demurrer is sustained, in order to have this court review the evidence adduced at the trial, a motion for a new trial is necessary, and such motion and the ruling thereon must be incorporated in the case-made and attached to the petition in error filed in this court."

It seems that the only conclusions to be reached are that the judgment vacating the decree of divorce is final and appealable, and that in order to present to this court errors occurring in the proceedings to vacate, motion for a new trial is necessary.

It is suggested that the case-made is certified to as a transcript of the record, and that the overruling of the demurrer to the petition to vacate is assigned as error.

In the case of Commercial Investment Trust Co. v. Ferguson, 96 Okla. 163, 220 Pac. 925, this court said in the first paragraph of the syllabus:

"The action of the trial court in overruling a demurrer to a petition, where the defendant has pleaded further, will not be reviewed by this court, unless it is presented to the trial court in a motion for a new trial."

All errors assigned require motion for new trial. This appeal should be dismissed.

JOHNSON, C. J., and HARRISON, MASON, WARREN, and GORDON, JJ., concur.