## BROWN v. EXCHANGE TRUST CO. et al.

### No. 23572.   Oct. 9, 1934.

Chas. R. Nesbitt, for plaintiff in error.

Hunt & Eagleton, for defendants in error.

BAYLESS, J.   Mary Brown appeals from a judgment of the district court of Tulsa county, Okla., sustaining the demurrers of Exchange Trust Company, a corporation, et al. to her second amended petition.

Mary Brown commenced this action by filing a petition. Seven days thereafter she filed, apparently voluntarily, an amended petition. Several of the defendants filed demurrers to this petition. Three of these demurrers were sustained and she was given permission to file instanter a second amended petition. This last petition makes no reference to the preceding petitions; and, in passing upon this second amended petition in the light of these demurrers, we must be limited to its allegations and cannot take into account any of the allegations contained in the two preceding petitions. Cushing Gas Co. v. Hutchins, 93 Okla. 13, 219 P. 408.

The purpose of the action is to vacate a judgment rendered by said court in a divorce action, or at least to obtain a trial in said action upon the issues of a division of property held by Charles Brown, the husband, alleged to have been acquired by Mary Brown and Charles Brown jointly during coverture, but fraudulently concealed from Mary Brown by the said Charles Brown prior to, during, and after the divorce proceedings. It is alleged that knowledge of the existence of this property came to Mary Brown only after the divorce and the death of Charles Brown, when an administration upon his estate was commenced.

There is at this time no dispute between the parties concerning the facts out of which this case arose, because, for the purposes of the record, the demurrer admits the truthfulness of the matters alleged. The one and only point of difference between the parties is as to whether the petition states facts establishing intrinsic fraud or extrinsic fraud as a basis of vacating the judgment. Both parties recognize the rule which has been announced in this court with reference thereto and each cites authorities in support of his construction of the pleading. There is a clear line of demarcation between the cases cited on the respective sides, and the defendants admit that the cases cited by Mary Brown are excellent illustrations of the extrinsic fraud rule. The defendants insist that the allegations of the second amended petition cannot be construed to plead anything except perjury or false swearing at the trial of the case, which is usually denominated intrinsic fraud.

The first six numbered paragraphs of the second amended petition deal in detail with the pleadings filed in the divorce action; the issues thereby tendered and joined by the parties (and it is proper to say that property rights are not specifically mentioned therein); the alleged false testimony of Brown that there was no property or property rights, jointly acquired during coverture, to be adjusted; the reliance of the court thereon; the rendition of a judgment omitting any provision for property settlement; and the subsequent death of Brown and disclosure of the ownership of certain described property. If these matters were all that was contained in the second amended petition, the construction which the defendants place upon this pleading would be correct.

But we cannot overlook the allegations contained in the 7th paragraph of the second amended petition, which reads:

"That this plaintiff, Mary Brown, was also deceived and defrauded by the said Charles Brown, as to his holdings of jointly

acquired property, by reason of the fact that this plaintiff, prior to the date of her filing in the said divorce action of her said 'Answer and Cross-Petition' and 'Supplemental Cross-Petition,' made inquiry from said Charles Brown if he owned or held, or if there existed, any jointly acquired property of any nature, either real or personal, of which division could and should be made by the district court of Tulsa county in said divorce action; to which question the said Charles Brown made answer to this plaintiff that he owned or held, and that there existed, no jointly acquired property whatsoever, That, depending upon the truth and correctness of the said answer of said Charles Brown to her question, this plaintiff included in her said pleadings filed in said divorce action no demand or request upon said court for a division of jointly acquired property. That, on acount of the said deceit and fraud practiced upon this plaintiff by said Charles Brown, the matter of the division of jointly acquired property of said husband and wife, Charles Brown and Mary Brown, was not made an issue by this plaintiff in the said divorce action, and further, that on account of said deceit and fraud, and as a direct result thereof this plaintiff, as a party in said divorce action, was prevented from presenting or exhibiting in full her proper and lawful rights and claims in the said divorce action hereinabove described. That this plaintiff did not discover the falsity of the said statements made by said Charles Brown until after his said death upon July 7, 1931."

In our opinion this is a sufficient pleading of deceit and misrepresentation to come within the extrinsic fraud rule. Graves v. Graves, 132 Iowa, 199. 109 N. W. 707, 10 L. R. A. (N. S.) 216.

The discussions of this court in the opinion in El Reno Mutual Fire Ins. Co. v. Sutton, 41 Okla. 297, 137 P. 700, best illustrate the line of demarcation between intrinsic and extrinsic fraud. The reason for distinguishing between extrinsic and intrinsic fraud is a practical one adopted with a view to preventing parties from attempting to relitigate the same issue at a subsequent trial.

When the relief sought is shown to be an effort to secure a new trial for the purpose of weighing the truth or falsity of evidence taken at the former trial (generally such relief is based on the theory of perjured testimony), it is apparent that to grant relief under such circumstances would be to invite endless litigation, and the courts should therefore refuse to lend their aid to such an end. However, if it is disclosed that fraud has been practiced by the successful party and that such fraud was solely responsible for the moving party failing to present an issue or to produce testimony on a vital issue in the former trial, in such a case a court of equity should vacate the former judgment in order to permit the parties to litigate the issue which in effect had not been previously litigated by reason of such fraud.

It is true that Mary Brown pleads in detail the false testimony of Charles Brown at the former hearing, and if it were this alleged perjury only upon which she relies for her relief—that is, if she desired a new trial merely to have another court determine the truth or falsity of the testimony given by Charles Brown at the previous trial—she would be barred by the rule contended for by the defendants. But, in our opinion, her pleadings go further. The alleged concealment of the ownership of the property and the alleged misrepresentations made by Charles Brown to Mary Brown when she asked for information regarding it deceived her into a false belief of its nonexistence and into a state of mind where she did not ask the court to attempt to adjust and divide and adjudicate something she did not know or believe existed. This prevented her having a trial upon the merits of this issue.

The defendants contend that this is not so because by virtue of the force and effect of section 508, C. O. S. 1921 (sec. 672, O. S. 1931), the issue of the division of jointly acquired property is always present in every divorce action. Without taking issue at this time with this contention, it is enough to say that such a matter cannot be an issue if there exists no such property. In our minds this argument lends force to the asserted extrinsic fraud of Charles Brown when it is shown that because of his alleged concealment and deceit Mary Brown was led into believing there was no such property, and therefore made no issue before the court, and the fraudulent character of his alleged action is further demonstrated by his alleged perjury to the court in furtherance of this scheme.

The plaintiff has a second cause of action pleaded in this second amended petition, which, briefly, is based upon what she calls a constructive trust and the violation thereof by Charles Brown. This cause of action is almost a complete restatement of the first cause of action, coupled with her claim to a definite share of the property now in the hands of the executor of the last will and testament of Charles Brown, deceased. We do not think that it

states a cause of action upon this theory. In addition to this, if the plaintiff can establish her right to the relief sought in the first cause of action, she is not entitled to the relief sought in the second cause of action; if she cannot establish her first cause of action with evidence, she cannot establish her second cause of action with evidence. In other words, she can get all of the relief she is entitled to under the first cause of action.

The second amended petition, as we have heretofore indicated, contains many allegations, which alone do not state a cause of action, but which may be necessary as a part of the preliminary statement of the history of the case, or as corroborative of the fraud charged in paragraph 7, supra. However, we believe that what we have said herein gives sufficient indication of our construction of this pleading as stating a cause of action based upon extrinsic fraud which must be met by the defendants.

The judgment of the trial court is reversed and the cause is remanded for further proceedings in conformity with the views herein expressed.

RILEY, C. J., SWINDALL, OSBORN, and BUSBY, JJ., concur. CULLISON. V. C. J., and ANDREWS and McNEILL, JJ., absent. WELCH, J., dissenting.