## FIDELITY BUILDING & LOAN ASS'N v. NEWELL, Adm'r.

No. 24353. March 3, 1936.

Robison & McKinnis, for plaintiff in error.

Randall Pitman, for defendant in error.

GIBSON, J. This proceeding was commenced in the county court of Pottawatomie county by E. M. Newell in his individual capacity as a resident taxpayer, and as administrator of the estate of D. M. Newell, deceased, against the Fidelity Building & Loan Association to vacate a judgment rendered by said court in a tax ferret proceeding en-

titled In the Matter of the Assessment of the Fidelity Building & Loan Association, cause No. 2647 in said court. Defendant elected to stand on its demurrer after the same was overruled. Judgment was thereupon entered for plaintiff, and defendant appeals.

D. M. Newell had been instrumental as tax ferret of said county in the institution of the aforesaid proceeding against the defendant. While the same was pending, the said D. M. Newell died. The judgment in question was thereafter entered in the cause and the plaintiff was later appointed as administrator for the deceased.

The judgment sought to be vacated is in part as follows:

"It is therefore, ordered, adjudged and decreed that the judgment of the county treasurer in dismissing said matter be and the same is hereby overruled and reversed and judgment is rendered for the tax ferret, the county of Pottawatomie and state of Oklahoma, ordering and adjudging that Orville King, county treasurer of Pottawatomie county, extend upon the tax rolls of Pottawatomie county, for the years herein recited, against the said taxpayer, Fidelity Building & Loan Association, additional assessments in the respective amounts and for the respective years as follows, to wit:

| | |
|---|---|
| 1924 | $10,000.00 |
| 1925 | 3,000.00 |
| 1926 | 2,500.00 |
| 1927 | 3,000.00 |

"It is further ordered and adjudged that this judgment is entered upon evidence showing all of the assets of said Fidelity Building & Loan Association which it owned or possessed on the first day of January, 1924, to the first day of January, 1927, both inclusive, and is a full and complete adjudication of all the rights of the state of Oklahoma, and the county of Pottawatomie, the tax ferret and the county attorney to inquire into the matter of the taxation of said corporation, Fidelity Building & Loan Association, for said years."

It is apparent that plaintiff is proceeding under the provisions of sections 556 (subd. 4), 558, and 564, O. S. 1931, wherein it is provided that district courts shall have power to vacate or modify their own judgments or orders at or after term at which such judgment or order was made, for fraud practiced by the successful party in obtaining the judgment or order; and providing further, among other things, that the proceedings for such cause shall be by verified petition setting forth the judgment and the grounds relied on for relief.

The defendant raises a jurisdictional question which we believe fatal to this appeal. The county was not made a party to the proceedings to vacate the judgment. These proceedings are in the nature of an independent action. Smith v. Smith, 102 Okla. 70, 226 P. 368. In such case it is necessary that all parties to the judgment be made parties to the action to vacate judgment and be brought in by summons as in other civil actions. Failure so to do deprives the court of jurisdiction to hear and determine the matter where the judgment is not void upon the face of the record. It was so held in Weer v. Bell, 68 Okla. 178, 174 P. 500, as follows:

"* * * All the authorities agree that in any case where a judgment, valid on the face of the record, is assailed, before the court in a separate action would have jurisdiction to vacate and set the same aside, all the parties to the judgment so assailed must be made parties to the action."

We are of the opinion that the proper county officers should have been made parties to the proceeding and served with summons, and that failure so to do was fatal to the jurisdiction of the trial court. See Allan v. City of Norman, 99 Okla. 45, 225 P. 507, 510.

There exists another jurisdictional ground requiring the reversal of this cause, with directions to dismiss the petition. The plaintiff, either as taxpayer or as administrator of the ferret, was not a party to the action wherein the judgment sought to be vacated was rendered. Sections 556 and 558 are not sufficiently broad in their provisions to authorize one who was not a party to the action to maintain proceedings thereunder to vacate judgment rendered in such action where the judgment is valid upon its face. The tax ferret was represented by counsel in the original action, but this did not make the ferret a party thereto. It is settled in this state that a tax ferret is not an interested party in litigation involving the assessment of omitted property under the statute, section 12346, O. S. 1931. In re Stewart Bros., 53 Okla. 153, 155 P. 1124; State v. Ashley, 171 Okla. 169, 42 P. (2d) 225. See, also, Muskogee County v. Muskogee Gas & Electric Co., 83 Okla. 167, 201 P. 358.

It is further urged that the county court is without power to vacate its own judgment, for fraud, rendered in ferret proceedings on appeal from the county treasurer. In view of the fact that this cause must be reversed on other grounds heretofore stated, our determination of that question becomes unnecessary.

The judgment of the trial court is there-

fore reversed and the cause remanded, with directions to dismiss the petition.

McNEILL, C. J., and WELCH, PHELPS, and CORN, JJ., concur.