## SAWYER v. SAWYER.

No. 27687.   March 8, 1938.

Rehearing Denied March 29, 1938.

Norman Barker and Charles Swindall, for plaintiff in error.

Thos. W. Leahy, F. J. Lucas, and T. Austin Gavin, for defendant in error.

PER CURIAM. This is an appeal from an order and judgment of the district court of Tulsa county which sustained a demurrer to and dismissed a petition to vacate a prior judgment of said court.

It appears from the record that on August 26, 1936, Beatrice Sawyer, hereafter referred to as plaintiff, filed a petition to vacate a divorce decree which had been rendered on December 4, 1935, upon the cross-petition of Almon Sawyer, hereafter referred to as defendant. An amended petition was subsequently filed in said cause, and this is the pleading which is here involved and shown in the record. Motion of defendant to strike certain matters from said amended petition as redundant and irrelevant was sustained. Demurrer to the amended petition interposed after its elision was sustained. The plaintiff elected to stand on her amended petition and judgment was entered dismissing the same. Plaintiff appeals and assigns nine specifications of error, which present only two questions for determination; they are, Did the court err in sustaining the motion to strike certain parts of plaintiff's amended petition? and, Did the court err in sustaining the demurrer to plaintiff's amended petition?

Motion of the defendant to dismiss the appeal was denied by order, and defendant now renews this motion and seeks to invoke the rule announced in Davis v. Flint, 130 Okla. 110, 265 P. 101, and cases therein cited, to the effect that a party may not accept a portion of a judgment favorable to him and appeal from the portion which is unfavorable. While a motion to dismiss which has been previously denied may be renewed in the briefs, unless the previous order has expressly precluded such action, nevertheless such motion will not be sustained in the absence of a showing that the grounds assigned are cogent, compelling, and determinative of the appeal. Since this appeal involves only questions of pleading and rulings of the trial court thereon, we are of the opinion that the authorities cited by defendant do not sustain the motion here presented, but on the contrary are foreign to the appeal, in the light of the holding of this court in Burton v. Burton, 176 Okla. 494, 56 P.2d 385. The motion to dismiss will therefore again be denied.

The plaintiff sought to invoke the jurisition of the district court under the provisions of subdivision 4, section 556, O. S. 1931, which authorizes the vacation of a judgment for fraud practiced by the successful party in obtaining the judgment. Under section 558, O. S. 1931, it is required that the proceeding in such case shall be had by petition verified by affidavit, and which shall set forth the judgment and the grounds for its vacation and requires that summons be issued thereon. Such a proceeding is in the nature of an independent action. Smith v. Smith, 102 Okla. 70, 226 P. 368; Myers v. Chamness, 102 Okla. 131, 228 P. 988; Stout

v. Derr, 171 Okla. 132, 42 P.2d 136; Fidelity Bldg. & Loan Ass'n v. Newell, 176 Okla. 184, 55 P.2d 131; Biser v. Biser, 176 Okla. 210, 55 P.2d 446. The amended petition of the plaintiff alleged in substance that the judgment which she was seeking to have vacated had been rendered as the result of false and perjured testimony, and that upon divers occasions prior to March 5, 1935, the defendant had been guilty of numerous acts of violence on and toward the person of the plaintiff. Defendant had employed detectives to watch the plaintiff, and that he had tried at times to suborn certain witnesses to testify against the plaintiff in her divorce proceeding, and that defendant was quite wealthy, and that the alimony which plaintiff had been allowed in the divorce action was inadequate, considering her station in life, and that the provisions in the decree with respect to her alimony were void for the reason that it did not provide a definite lump sum, and that by reason of the matters set forth in her petition plaintiff was afraid of defendant, and did not properly advise and assist her attorneys in the prosecution of her action for divorce and alimony. To this petition as an exhibit plaintiff attached a copy of the judgment which she sought to have vacated. It appears that the plaintiff in the trial of the divorce action was represented by able and competent attorneys, and that the court therein found that the plaintiff was the party at fault, and thereupon gave the defendant a judgment for divorce and the custody of the children of the marriage; that the plaintiff was given an award of alimony in the sum of $60 per month, payable out of a trust fund of $30,000 until plaintiff's death or remarriage, and that her attorneys were allowed a fee of $7,500. Upon motion of the defendant the trial court struck from the amended petition as irrelevant all of the allegations therein made save the claim that the provision in the divorce decree with respect to alimony was void. In this we are of the opinion that the trial court proceeded properly. Section 231, O. S. 1931, provides in part as follows:

"If redundant or irrelevant matter be inserted in any pleading, it may be stricken out, on motion of the party prejudiced thereby."

It will be observed from what has been said above that the allegations which were stricken were those which had referred to transactions which had either transpired prior to the institution of plaintiff's action for divorce, and which in no manner contributed to the rendition of the judgment against her in said cause, or else to transactions which were wholly irrelevant to the matters under consideration by the court, and which under the most liberal construction of the term could not be classified as fraud practiced in obtaining the judgment. The action of the trial court in sustaining the motion to strike presents no error.

There remains for consideration the action of the trial court in sustaining a demurrer to plaintiff's amended petition. The authority of the court to sustain a demurrer to a petition to vacate a judgment when such petition does not state facts sufficient to warrant a vacation of the judgment is well settled. Burton v. Swanson, 142 Okla. 134, 285 P. 839; Dardenne v. Daniels, 101 Okla. 201, 225 P. 152; Schmeusser v. Schmeusser, 181 Okla. 18, 72 P.2d 378. Accepting the allegations of the plaintiff's petition as true with respect to all matters therein well pleaded and construing the exhibits attached in connection therewith, we are of the opinion that they wholly fail to charge fraud such as would vitiate the judgment sought to be vacated, and further that the plaintiff wholly failed to allege any facts which would tend to show that she had been in any manner prevented from having a fair trial in the divorce action. As pointed out in Schmeusser v. Schmeusser, supra, a divorce decree or a judgment for alimony may be vacated in a proper proceeding and upon a proper showing. Nevertheless it is essential that facts entitling the party to the relief sought be alleged in a petition to vacate such judgment before any relief may be granted thereunder. Under the record before us, it appears that plaintiff failed to sustain the burden which rested upon her, and consequently the trial court committed no error in sustaining the demurrer to her petition.

The order and judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, CORN, GIBSON, and DAVISON, JJ., concur.