HORWITZ et ux. v. DAVIS.

No. 35264.    Nov. 18, 1952.

*250 P. 2d 435.*

Carland E. Smith, Okmulgee, and Robinson, Shipp, Robertson & Barnes, Oklahoma City, for plaintiffs in error.

Steele & Boatman, Okmulgee, for defendant in error.

BINGAMAN, J. This action was originally brought by plaintiff, A. B. Davis, against the defendants, L. J. Horwitz and Rose Horwitz, the county treasurer of Okmulgee county and the board of county commissioners of said county, and J. Miller and Alex Miller. The action was to quiet title to a certain tract of land located in Okmulgee county acquired by plaintiff by virtue of a resale tax deed issued to the county commissioners of Okmulgee county and a county deed by said county to plaintiff. Defendants, L. J. Horwitz and Rose Horwitz, filed a disclaimer of title in said action and judgment was

taken against them quieting plaintiff's title as against them. Thereafter the two defendants, L. J. Horwitz and Rose Horwitz, filed a petition to vacate the judgment, attaching thereto an answer. The trial court sustained plaintiff's demurrer to the petition to vacate and the two defendants appeal.

Plaintiff in this court moves to dismiss the appeal for the reason that the defendants did not make all parties to the original lawsuit parties to this action and only served case-made upon the plaintiff, citing Smith v. Smith, 102 Okla. 70, 226 P. 368; Weer v. Bell, 68 Okla. 178, 174 P. 500, and Fidelity Building & Loan Association v. Newell, Adm'r, 176 Okla. 184, 55 P. 2d 131, which cases hold that in a proceeding of this nature all parties to the judgment must be made parties to the appeal.

In the instant case no other defendant had any interest whatever in the controversy between plaintiff and the defendants, Horwitz, nor would the interest of the other defendants be in anywise affected by the decision on this appeal.

We think the correct rule in such case is announced in Johnson v. Bearden Plumbing & Heating Co., 180 Okla. 586, 71 P. 2d 715. In that case we said:

"A case-made is required to be served upon those only who are interested in the appeal, and whose interests would be adversely affected by a reversal."

The motion to dismiss is overruled.

Coming now to the merits the petition to vacate the judgment filed by the defendants, Horwitz, alleges that at the time plaintiff filed his action the defendants were owners of an interest in fee simple in the land involved and that the same had been producing oil in paying quantities long prior to the tax resale, which production was unknown to these defendants, and that therefore the oil, gas and mineral rights were not subject to ad valorem tax, the gross production taxes thereon having been paid, and did not pass to the county by the resale deed or to plaintiff by the deed from the county, and that all these facts were well known to plaintiff who, after obtaining his county deed, had occupied the premises and mined and removed a large amount of coal therefrom, without the knowledge and consent of defendants; that the land was sold at the 1939 resale and that oil production was being had and gross production tax paid upon the production during all the years involved in the tax resale and continuing until early in 1942, all of which was well known to plaintiff. They further allege that upon the filing of plaintiff's petition in the instant cause he forwarded the written disclaimer to the defendants and advised them that a valid tax deed had regularly issued and that these defendants had. no further interest in said lands, and requested them, for his convenience and to lessen the expense of litigation, to execute and file a disclaimer; that they relied upon the representations of plaintiff and, without any knowledge of the production of oil upon the property or the mining of coal thereon by plaintiff, executed the disclaimer which was filed in the cause. In the judgment of the trial court which defendants sought to set aside, the court specifically held that plaintiff acquired all oil, gas and other mineral rights by virtue of his county deed.

Defendants contend that these allegations were sufficient to require the trial court to set aside the judgment upon the ground of fraud practiced by the plaintiff upon the defendants, and that their answer setting up practically the same facts stated a sufficient defense.

Plaintiff, on the other hand, contends that it was not incumbent upon him to disclose to defendants matters which would defeat his claim, there being no fiduciary relationship between the parties. In support of this assertion, he cites Crockett v. Root, 194 Okla. 3, 146˙P. 2d 555; Wright v. Saltmarsh, 174

Okla. 226, 50 P. 2d 694, and Stout v. Derr, 171 Okla. 132, 42 P. 2d 136.

We are inclined to agree with defendants that fraud was sufficiently alleged to withstand the demurrer. The cases cited by plaintiff are in our judgment so different in factual situation as to render them inapplicable to the instant case. Thus, in Crockett v. Root, the action had been actively litigated between the parties and the proceeding was brought to set aside that judgment because the Crocketts had discovered another ground of attack on the deed of the defendants. We held that the plaintiffs could not relitigate their case as often as they discovered new grounds to support their cause of action, since in such case there would be no end to litigation.

Wright v. Saltmarsh, supra, was a collateral attack on the ground that the defendant failed to disclose to the court certain facts which might have defeated his recovery.

Stout v. Derr, supra, was another case where the fraud charged was failure to reveal to the court the title of defendants who failed to appear or plead and against whom a default judgment was taken. In that case, however, we called attention to the rule stated in 34 C. J., p. 282, that a judgment may be vacated for a misrepresentation or trick practiced upon defendant to keep him away from trial, or to prevent him from claiming his rights in the premises, or from setting up an available defense.

In Jones v. Snyder, 121 Okla. 254, 249 P. 313, we said:

"In equity, the law term 'fraud' has a wide sense, and includes all acts, omissions, or concealments, by which one person obtains an advantage against conscience over another, or which equity or public policy forbids, as being to another's prejudice."

In none of the cases cited by plaintiff was any representation made to the opposite party whereby said party was deceived or misled.

In Brown v. Exchange Trust Co., 169 Okla. 175, 36 P. 2d 495, we held that the representation by a husband to his wife that there was no jointly-acquired property in existence, because of which she did not make the division of such property an issue in a divorce action, was fraud and deceit sufficient to justify the court in vacating its former judgment and permit her to litigate the question of jointly-acquired property.

We think that under the circumstances of this case, as disclosed by the petition to vacate and the answer attached thereto filed by the defendants, Horwitz, the trial court should have heard evidence upon the facts and circumstances surrounding the filing of the disclaimer by the defendants. Evidently, the information that the land had produced oil and gas during the period for which the taxes accrued for which the land was sold at tax resale, was also concealed from the court, for it is well settled that where production is had and the gross production tax is paid, the mineral estate in the oil and gas does not pass with a resale tax deed issued for nonpayment of ad valorem taxes. McNaughton v. Beattie, 181 Okla. 603, 75 P. 2d 400; Peteet v. Carmichael, 191 Okla. 593, 131 P. 2d 767.

In Red Eagle v. Cannon, 198 Okla. 330, 177 P. 2d 841, where the petition alleged fraudulent concealment, we said that in the interest of justice and fair play the evidence of the parties should be heard and the rights of those moving to set the judgment aside be determined upon the evidence which they were able to produce, and that while the proof might not sustain the allegations of the pleadings, the moving parties were entitled to have an opportunity to produce evidence, if they could, which would sustain their charge of fraud. We think that equitable rule should be applied here.

It is to be noted that from the allegations of the petition the defendants, who were residents of Oklahoma City, relied upon the representations of plaintiff, who was a resident of Okmulgee county and presumably familiar with the conditions surrounding the issuance of the tax deed, that the resale divested them of all interest in the land, which statement, under the authorities last above cited, was false and probably known to be false when made. Whether the defendants were justified in relying upon this statement, or should have made a further investigation, is a matter we think for the trial court to consider upon the evidence produced at a hearing on the petition. Plaintiff contends that the statement was a mere expression of opinion, but we think it amounted to more than that for the reason that he was in a position to know whereof he spoke and the defendants were not. We hold that the facts stated in the petition to vacate the judgment and the answer attached thereto are sufficient to withstand the demurrer to said petition filed by plaintiff, and that the trial court erred in sustaining the demurrer.

Reversed, with directions to overrule the demurrer.

HALLEY, V. C. J., and WELCH, GIBSON, and DAVISON, JJ., concur. CORN and O'NEAL, JJ., dissent.