## WOODRUFF v. MOORE.

No. 27910.   Feb. 21, 1938.

· Potterf, Gray & Poindexter, for plaintiff in error.

H. A. Ledbetter and J. B. Moore, for defendant in error.

PHELPS, J. The plaintiff, an attorney, entered into a written contract with the defendant wherein he was to receive a contingent attorney's fee of 20 per cent. of whatever reduction he would obtain in the defendant's federal income tax. He obtained a reduction of $30,000, entitling him to a fee of $6,000. Occasional payments. were made, totaling $2,500, leaving $3,500 remaining due when the plaintiff filed suit for that amount. After suit was filed the defendant and others in his behalf made payments from time to time, so that the plaintiff permitted the action to lie dormant in district court for some while, and when judgment for plaintiff was eventually entered it was for the remaining balance due of $800 with interest.

Two days after the judgment was entered, and in the same term of court, the defendant filed a motion to vacate the judgment. After the hearing of evidence and argument thereon, the trial judge overruled the motion to vacate, and the defendant appeals.

The suit was filed on April 1, 1935, while the defendant was in California. Jurisdiction was obtained by attaching defendant's property and notice by publication. In October or November of the same year defendant returned from California, the above-mentioned payments were made from time to time, and the defendant never filed any answer or other pleadings in the case. Prior to April of 1936, however, the payments had ceased, and on April 25, 1936, the plaintiff wrote to the mother of defendant, who had been assisting defendant in the matter and at whose home he was living, that the case had been set for trial on the forthcoming April 28, 1936, that he had hoped that the matter would be settled without further litigation, and that if she would pay the remaining $800, he would remit or waive the interest and pay the court costs himself. This and the following letters were received, and no reply made thereto. Defendant did not appear for trial on the trial day, and the case was stricken from the trial docket. On May 9, 1936, plaintiff wrote defendant that he had agreed with defendant's mother that he would not take judgment in the case until he had notified her and given the defendant an opportunity to make any defense he wished. In that letter he further stated to the defendant:

"This is to notify you that unless this matter is settled by the middle of next week, I will ask the court for judgment. * * * I have let the matter drag along for a long time and have never tried to stop the oil runs, but now something must be done to close this matter up. I hope to hear from you immediately."

The defendant still remained inactive in the matter, and filed no pleadings. On May 27, 1936, plaintiff wrote him again:

"I have written both you and your mother about paying the balance due me and have heard nothing from you. I am going to take this matter up with the court at once and ask for a judgment, unless it is settled."

At about this time the defendant had an accountant obtain a statement from plaintiff concerning the items of payment, which statement was later corrected, but this does not appear material. On June 18, 1936, the defendant still having failed to plead or make further payment, the plaintiff took a default judgment for the balance due.

In his brief the defendant stresses the defenses which he had to the action: First, that his mother testified that plaintiff had agreed with her, on an occasion when she had paid him $1,000 on the account, that he would dismiss the case without prejudice; second, that the understanding was that plaintiff was to pay his own expenses to Washington on two trips made by him on the income tax matter, which plaintiff had not paid and defendant had advanced, which amounted to more than the $800 remaining

balance due. The plaintiff denied these allegations in his own testimony, and other facts and circumstances supported his denial. An issue of fact was thus formed, so that it is apparent that a judgment for defendant, in the main action, would not necessarily follow as a matter of law. It may be assumed that defendant presented sufficient evidence to sustain a judgment in his favor, if trial of the action itself had been in progress, yet that does not necessitate a reversal of the order. Always, except in cases wherein the court had lacked jurisdiction to render the initial judgment, the movant is required to produce evidence supporting his defense or cause of action as a necessary predicate to the vacating of a judgment. Yet that does not mean that the judgment necessarily must be vacated. Before the movant may successfully charge the trial court with an abuse of discretion in refusing to vacate the judgment, he must show that some one or more of the statutory grounds therefor had been proved to exist.

The only such ground pointed out or argued by the defendant is contained in his contention that the acts and conduct of the plaintiff misled the defendant and encouraged the default, this being an irregularity in obtaining the judgment. In this connection the defendant proceeds on the assumption that, due to plaintiff's oral and written statements to him or his mother, he was entitled to a formal notification from plaintiff as to exactly when plaintiff would take judgment. We find no basis for such contention. The letters, hereinbefore quoted from, certainly could not impart that impression. The plaintiff testified that he made no such agreement. The trial court presumably found that he did not, and such finding is not without supporting evidence. The plaintiff had repeatedly warned defendant that unless the remaining balance was paid he would ask for judgment. He did not state the exact day he would apply for it, but this was not necessary. In the face thereof the defendant permitted the action to remain in default of pleadings in his behalf, as it had remained since filing nearly a year and a half before the judgment.

While the defendant points out quite forcibly that every litigant is entitled to his day in court, we know of no rule in civil cases requiring the court to compel the defendant to enjoy that privilege if he chooses, either deliberately or by his negligence, to forego it.

The discretion granted trial judges in opening or vacating their judgments during term extends to a reasonable degree in both directions. Unless the refusal to vacate a default judgment is an abuse of that discretion, such order is not reversible. If the question whether there was an abuse depends upon a question of fact pertaining to the grounds for vacating, upon which question there was conflicting evidence, the ordinary rule applies and the presumption is that the finding of fact was consistent with the order. We therefore conclude that no irregularity existed in the obtaining of the judgment, and that there was no abuse of discretion in refusing to vacate it.

The judgment is affirmed.

OSBORN, C. J., and GIBSON, HURST, and DAVISON, JJ., concur.