Bernice JENT et al., Plaintiffs in Error,

v.

Faye BROWN, Defendant in Error.

No. 36158.

Supreme Court of Oklahoma.

March 8, 1955.

In support of the allegations of her petition, plaintiff's evidence is to the effect that on May 8, 1935, her father and mother, P. H. and Belle Peck, executed to plaintiff a warranty deed reciting a consideration of five hundred dollars and covering the tract of land in question as well as two other tracts of land; this deed was placed of record on May 9, 1935; that in 1944 P. H. Peck died testate, leaving as his sole devisee his wife, Belle Peck; that although Belle Peck was named executrix, one of her sons, D. K. Peck, because of his mother's ill health, did most of the work of ascertaining the assets of the estate and preparing the inventory and appraisement; that this tract of land was originally not in the inventory but was later added by this son because of an erroneous impression that his father owned it; that when adding this tract to the inventory the son did not check the records to be sure that his father still owned the land; that there was some oil production on the land and during his lifetime P. H. Peck collected the royalty from the oil company and after his death Belle Peck received them, until two years before; that about two years before the filing of this suit Faye Brown, plaintiff, learned that through error the land had been included in the estate, had talked to her mother about it and thereafter all her brothers and sisters except Bernice Jent quitclaimed their purported interests to her and she had been collecting the royalties since that time; that she had been in possession of and collecting rentals from the other two tracts of land included in the deed covering the land in question since 1935 and these two tracts were not included in the estate; that she did not protest or appeal from the decree of distribution which distributed the land in question to her mother because she was led to believe by her brother that at some time in the past she had reconveyed the land to her father and that it was a part of her father's estate; that when she learned the true facts and brought them to the attention of her mother and brothers and sisters all of them executed quitclaim deeds to clear her title except Bernice Jent, who refused to do so.

In support of the allegations of their separate answers alleging that this tract of

Wm. O. Leach, Duncan, for plaintiffs in error.

Paul D. Sullivan, Jerome Sullivan, Duncan, for defendant in error.

ARNOLD, Justice.

Plaintiff, Faye Brown, brought this action in the District Court of Stephens County against her mother and six brothers and sisters to quiet her title to a certain 20-acre tract of land located in Stephens County. Her mother and all of her brothers and sisters except Bernice Jent and O. L. Peck filed disclaimers.

land was deeded to Faye Brown by P. H. Peck with the understanding that it would be reconveyed upon request and that P. H. Peck retained the beneficial interest therein, defendants' evidence is to the effect that during the depression years P. H. Peck was in financial difficulties; that he owed various sums of money; that he had large land holdings and at various times deeded various tracts to certain ones of his children; that some of these tracts were given outright to such children and others were deeded with the understanding that upon request that such child would reconvey the land to his father; that in 1931 P. H. Peck made a mineral deed on the land in question to Bernice Jent and in 1932, at his request, she and her husband reconveyed the minerals to P. H. Peck; Belle Peck, as witness for defendants, testified that in 1935 Faye Brown was a widow with three small children; that all the other children except Faye were given a college education but that Faye was kept at home to assist her mother; that she and her husband deeded the three tracts of land described in the deed, including the 20 acres here in question, to Faye intending that it be hers because Faye had taken care of them so well and looked after her and her husband and because Faye had no income except a small widow's pension; that she and her husband intended to and did give this 20 acres to Faye in consideration of all she had done; that the land was included in her husband's estate through error; that her son, D. K., had handled most of the affairs of the estate for her and that she signed the inventory and appraisement without looking at it or realizing that this 20 acres had been included; that she had executed the two deeds giving each of her children an undivided one-seventh interest in the land under the mistaken impression that she owned it; defendant O. L. Peck testified that he had signed the quitclaim deed to plaintiff on consideration that she deed to him some land which she owned, which she had failed to do.

Plaintiff's rebuttal evidence consisted of evidence that prior to his death P. H. Peck had told witnesses he had given this tract to plaintiff.

The court found that plaintiff had proved all the allegations of their petition, that she had acquired the property by warranty deed from P. H. and Belle Peck, that through inadvertence and mistake the property had been included in the estate of P. H. Peck, deceased and that the decree of distribution purporting to distribute said property to Belle Peck was to that extent a nullity, that the two deeds of Belle Peck purporting to convey said land were nullities, that the issues of resulting trust, estoppel, laches and statutes of limitation raised by the answers of defendants should be decided generally in favor of plaintiff, and entered judgment accordingly, quieting plaintiff's title to said property.

Defendants urge that the evidence is insufficient to sustain the judgment of the court because, they say, the evidence shows that P. H. Peck received all the income and profits from the land during his lifetime, that therefore he retained the beneficial interest and conveyed only a naked legal title to plaintiff; that he had conveyed various tracts under the same conditions to various children during his lifetime and they, understanding that they were only record owners, had reconveyed at his request; that therefore an implied trust arose by operation of law in favor of P. H. Peck and his heirs and devisees.

While a constructive trust may be established by parol evidence, the proof must be of the most satisfactory kind and the evidence must be clear, unequivocal and decisive. Jones v. Jones, 194 Okl. 228, 148 P.2d 989. The evidence going to the establishment of a trust relationship is only circumstantial, and defendants themselves introduced testimony of the mother, a party to the deed, that there was no trust and no agreement to reconvey and that the property was conveyed to plaintiff in fee simple for a valuable consideration. The judgment of the trial court on the question is amply sustained by the evidence.

Defendants also urge that plaintiff had knowledge and notice of the probate proceedings, that she made no protest and did not appeal from the decree of distribution, that therefore under 58 O.S.1951 § 632, the

**1008**

decree of distribution is conclusive and she cannot now attack it.

■ Plaintiff does not claim under the decree of distribution but under her deed. The probate court did not acquire jurisdiction over this property because decedent did not own it. A decree of distribution is conclusive upon the world only insofar as it affects property belonging to the deceased. Harrison v. Eaves, 191 Okl. 453, 130 P.2d 841. As the court had no jurisdiction over this property its decree purporting to distribute it was to the extent void. A void judgment may be vacated at any time on motion of any party affected thereby. 12 O.S.1951 § 1038; State v. City of Tulsa, 153 Okl. 262, 5 P.2d 744.

■ Nor is plaintiff barred by 12 O.S. 1951 § 93, providing that an action for the recovery of real property which had been distributed by the county court in probate proceedings brought by an heir or devisee of the decedent in whose estate such decree was rendered must be commenced within five years after the recording of the decree of distribution. Plaintiff did not bring this action claiming as an heir or devisee. She claims under her deed and her action is founded on the deed. Even if this statute were applicable the record does not show that the decree of distribution was ever recorded as required by 58 O.S.1951 §§ 703 and 711, so as to start the running of the statute.

Defendants claim that the court erred in refusing competent and legal evidence. This is based upon the fact that on cross-examination of plaintiff defendant's attorney asked her if she paid any consideration for the property; plaintiff's attorney objected on the ground that plaintiff was an incompetent witness to testify to a transaction with her deceased father and that it was improper cross-examination as plaintiff had not gone into that question on direct examination. The court sustained plaintiff's objection, whereupon defendant's attorney made offer of proof that if plaintiff were allowed to answer the question she would testify she paid no consideration; plaintiff's attorney objected to this offer of proof, denying that plaintiff would so testify; the court sustained the objection on the ground that the question was improper cross-examination, but stated that he would allow plaintiff to answer the question if defendants cared to make her their witness. This they refused to do. Defendants argue that they waived any inhibition of the "dead man's statute", 12 O.S.1951 § 384, and that as plaintiff was not testifying in her own behalf on cross-examination she should have been required to answer the question.

■ While it is true as claimed by defendants that the "dead man's statute" would not apply in this situation because they waived the protection thereof in asking the question the court did not base his ruling on that ground. Plaintiff had not testified anything about consideration for the deed on direct examination, and if defendants wished to go into that subject they were at liberty to make plaintiff their witness and ask her the question. Regardless of that fact, defendants' own witness, Belle Peck, testified that there was consideration for the deed. Under no circumstances could the exclusion of this evidence be considered prejudicial.

Affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.