NU–PRO, INC., an Oklahoma Corporation, B. R. Cornell, H. E. Cornell, Gene Berghaus, Gail Odom, and Myron Stutzman, Plaintiffs-Appellees,

v.

G. L. BARTLETT & COMPANY, INC., an Arizona Corporation, the F & M Bank & Trust Company of Tulsa, an Oklahoma Corporation, the Noble Industrial Development Authority, a Public Trust, the Town of Noble, Oklahoma, a Municipal Corporation, and Gary L. Bartlett, Defendants-Appellees,

and

855 Corporation of Oklahoma, Inc., an Oklahoma Corporation, B. J. Ellis, and Theodore F. DuBowik, Defendants-Appellants.

Nos. 49125 to 49127.

Supreme Court of Oklahoma.

Nov. 22, 1977.

See also, 575 P.2d 620.

Sam F. Whitlock, Norman, for plaintiffs-appellees.

Terry Shipley, Noble, for Noble Industrial Development Authority and Town of Noble, defendants-appellees.

Charles B. Grethen, Purcell, for defendants-appellants.

DAVISON, Justice.

Three appeals now before this Court, Case Nos. 49,125, 49,126, and 49,127, all arise out of one lawsuit brought in Cleveland County. Separate appeals in each of the above cases were brought by the defendants-appellants, 855 Corporation, B. J. Ellis, and Theodore F. DuBowik. By order of this Court, all three cases were consolidated for all purposes under Case No. 49,-

125. The suit in Cleveland County, initiated by plaintiffs-appellees, was a suit seeking cancellation of an issue of municipal bonds and related instruments including lease agreements and loan guarantees. The suit for cancellation was based upon alleged fraud and misrepresentations on behalf of the marketer of the bonds and the party who agreed to purchase the Industrial Trust Bonds, if they were issued by the City of Noble.

The complete details of the transaction involved in the litigation are immaterial to the question before this Court, as we are dealing with a default judgment rendered by the trial court based upon the defendants' failure to comply with orders of the court compelling them to answer interrogatories served upon them. In granting the default judgment, the trial court granted the relief prayed for, cancelling the instruments, and rendering judgment in favor of the plaintiffs-appellees.

In rendering the default judgment, the trial court was exercising power recognized by statute. 12 O.S.1971 § 549(c) provides:

"If a party or the officer, partner or agent who is served fails to serve answers to interrogatories after proper service of such interrogatories, or fails to fully answer the interrogatories, the court on motion and notice may order the party to answer or to more fully answer within a time stated in the order and, in the alternative, may for good cause shown strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, *or enter a judgment by default against the party* or impose the cost of proving the facts involved on that party. Moreover, the offending party may be proceeded against for indirect contempt of court." [Emphasis added]

■ In the case before us, the parties had not answered, or fully answered interrogatories served upon them, and were ordered to further answer or answer by the trial court on more than one occasion. When the parties failed to so answer, the court on motion, and with notice, entered a default judgment against the defendants. Accordingly, we hold that the granting of the default judgment by the trial court was proper. The defendants-appellants appeal from the default judgment, raising three issues.

The first proposition raised does not attack the default judgment as such, but rather goes to the merit of the cause, arguing that cancellation of the bonds should not have been granted, as the plaintiff did not have "clean hands." In the case at bar, the merits of appellants' case had no part in the trial court's entrance of the default judgment.

■ The refusal of a trial court to vacate a default judgment is not reversible unless an abuse of discretion is shown. *Woodruff v. Moore*, 182 Okl. 120, 77 P.2d 62 (1938). No abuse of discretion is shown in the present case.

■ The other issues raised by appellant also speak to the merits of the action, and are raised for the first time in the briefs, and were not raised at the trial court or in the Petition in Error. Accordingly, our consideration of those issues on appeal is inappropriate. E. g., *Sims v. Bennett*, 208 Okl. 321, 255 P.2d 916 (1953).

For the above stated reasons, we affirm the default judgment issued by the trial court.

AFFIRMED.

All the Justices concur.