Dan PRICE and Ella Price, Appellants,

v.

STATE of Oklahoma, ex rel., Norris PRICE and Oklahoma Real Estate Commission, Appellees.

No. 75344.

Court of Appeals of Oklahoma, Division 1.

Aug. 6, 1991.

James F. Howell, Midwest City, for appellants.

Philip Holmes, Oklahoma City, for appellees.

MEMORANDUM OPINION

GARRETT, Presiding Judge:

Preston Olive (Olive), a licensed real estate broker, sold his home to Dan Price and Ruth Ella Price (Price). As part of this transaction, Olive agreed to purchase the Prices' home. While Price remained liable for the mortgage on their home, Olive was to make the mortgage payments. Olive

defaulted. The mortgage was foreclosed, and judgment was entered against Price.

Subsequently Price brought a successful action against Olive sounding in breach of contract. They then sought recovery from the Oklahoma Real Estate Commission (Commission). See 59 O.S.1981 § 858–601. The claim was denied. They sought review of that decision in the trial court. The trial court upheld the Commission's decision.

Section 858–601 states:

A. There is hereby created in the State Treasury a revolving fund for the Oklahoma Real Estate Commission to be designated "Oklahoma Real Estate Education and Recovery Fund". The fund shall consist of monies received by the Oklahoma Real Estate Commission as fees assessed for the Oklahoma Real Estate Education and Recovery Fund under the provisions of this act. The revolving fund shall be a continuing fund not subject to fiscal year limitations and shall be under the administrative direction of the Oklahoma Real Estate Commission. Expenditures from said fund shall be made pursuant to the laws of this state and the statutes relating to the said Commission, and without legislative appropriation. Warrants for expenditures from said fund shall be drawn by the State Auditor, based on claims signed by an authorized employee or employees of the said Commission and approved for payment by the Director of State Finance.

B. Monies in the fund shall be used to reimburse any person who has been adjudged by a court of competent jurisdiction to have suffered monetary damages by a person required to have a license under the Oklahoma Real Estate License Code in any transaction for which a license is required under the Oklahoma Real Estate License Code because of the acquisition of money or property by fraud, misrepresentation, deceit, false pretenses, artifice, trickery or by any other act which would constitute a violation of the Oklahoma Real Estate License Code.

We hold, as did the trial court, that Olive acted in his individual capacity when he purchased Prices' home and defaulted on that obligation. While Olive held a real estate license, it was not *required* for the transaction. There was no special reliance by Price as a result of Olive being a realtor. Therefore § 858–601(B) is not relevant.

Price next asserts that the Commission's vote denying them recovery under § 858–601 is invalid as the meeting denying the claim was in violation of the Open Meeting Act. See 25 O.S.1981 § 301. They did not raise this issue in their Petition in Error and consideration here would be inappropriate. *Nu–Pro, Inc., v. G.L. Bartlett & Co., Inc.,* 575 P.2d 618 (Okl. 1977).

AFFIRMED.

BAILEY and ADAMS, JJ., concur.