**Odalee F. BOHN and Dwight Bohn, Plaintiffs/Appellees,**

**v.**

**Carolyn HOOD, Defendant,**

**and**

**Haulers Insurance Company, Inc., Garnishee/Appellant.**

**No. 87006.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 18, 1997.

Gary L. Mitchel, Mitchel, Gaston & Mitchel, Woodward, for Appellant.

Duke Halley, Jerry Dick, Halley & Associates, Woodward, for Plaintiffs/Appellees.

JOPLIN, Judge:

This matter comes on for review of the trial court's order vacating a default judgment in favor of Odalee F. Bohn and Dwight Bohn (Plaintiffs) and against Carolyn Hood (Defendant/Insured) following an automobile accident. Below, the trial court refused to grant summary judgment in favor of Plaintiffs against Haulers Insurance Company, Inc. (Garnishee/Insurer), and certified certain questions to be answered by the appellate court. The Supreme Court "recast" the certification order as an appeal of a final order, thus focusing our central appellate inquiry on the propriety of the trial court's *sua sponte* vacation of the default judgment for Plaintiffs more than one year after default judgment was granted. We hold the trial court erred in vacating the default judgment on its own motion more than thirty days after its rendition, and reverse and remand the matter for further proceedings consistent with this opinion.

On July 20, 1992, Odalee F. Bohn was involved in an automobile accident with the Defendant/Insured and on July 11, 1994 Plaintiffs brought suit against Defendant/Insured. Although Defendant/Insured was properly served, she neither answered nor otherwise appeared, nor did she notify her insurance company, Garnishee, of the accident or the lawsuit. Default judgment was taken against Defendant/Insured on September 15, 1994 and filed of record January 17, 1995.

Thereafter, Plaintiffs commenced garnishment proceedings against Garnishee, serving summons on March 3, 1995. Garnishee answered, denying liability. Plaintiffs moved for summary judgment, arguing that under the terms of 47 O.S.1991 § 7–324(g)(1) ("The liability of the insurance carrier with

respect to the insurance required by this title shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs"), Garnishee/Insurer's absolute liability attached at the time of the accident. Garnishee responded, asserting that Defendant/Insured's failure to notify the Garnishee/Insurer of the accident, the ensuing lawsuit, or the default judgment absolved Garnishee from liability under its insurance policy. *Independent School District No. 1 of Tulsa County v. Jackson,* 608 P.2d 1153 (Okla.1980).

The trial court expressly perceived a conflict between the provisions of 47 O.S. § 7–324 and the holding in the *Jackson* case at the hearing on the motion for summary judgment, stating from the bench that both the statute and case law were clear and "completely opposite"—the statute providing that "liability occurred at the time of the injury and any liability there [Garnishee] still has. The lack of service did not diminish that; however [Garnishee does] have the right to come in and defend." On that basis, the trial court vacated the default judgment against the Defendant/Insured, refused to rule on the motion for summary judgment, and certified both issues as questions addressed to the Supreme Court.

However, the Supreme Court, as noted, recast the trial court's certification order, and the *sole* issue with which we are faced is the propriety of the trial court's *sua sponte* vacation of the default judgment.[1] On that narrow issue, the parties cite and we find *no* authority vesting the trial court with power to *sua sponte* vacate a default judgment rendered more than thirty days earlier. That is,

12 O.S.1991 § 1031.1 authorizes the trial "of its own initiative or on motion of a party" to correct, open, modify or vacate a judgment *only within thirty days* of the rendition of judgment; to hold otherwise would render 12 O.S.1991 § 1032 governing vacation of judgments by verified petition and summons without meaning. In the present case, default judgment was granted in September 1994 and vacated by the trial court in January 1996. The record contains no motion or petition to vacate, and no request to vacate, an absolute and necessary predicate to vacation of the default judgment against Garnishee/Insurer. *Crawford v. Gipson,* 642 P.2d 248 (Okla.1982) (default judgment against insured vacated on petition to vacate by insurer, not a party to the underlying personal injury action against the insured, where the insurer did not receive notice of the judgment until four months after its rendition.)

Absent a proper petition to vacate under 12 O.S. § 1031, we therefore hold the trial court erred in vacating the default judgment on its own initiative more than thirty days after rendition. Accordingly, the order of the trial court should be and hereby is REVERSED, and the cause REMANDED for further proceedings.

HANSEN, P.J., and BUETTNER, J., concur.

---

1. Insofar as Plaintiffs would assert the novel argument that § 7–324 establishes the absolute liability of the Garnishee/Insurer at the moment of the accident, regardless of the fact that Garnishee *failed to receive any notice* of the accident itself or any ensuing legal proceedings, and was thus *prevented from having an opportunity to be heard* and present defenses on behalf of Insured, we tend to agree with Garnishee/Insurer that this construction of § 7–324 violates fundamental notions of due process. *See, Jackson,* 608 P.2d at 1155–56; *Crawford,* 642 P.2d at 248, *infra.* However, we find that issue beyond the scope of these review proceedings as cast by the Supreme Court.