2008 OK CIV APP 113

LOT MAINTENANCE, INC., an
Oklahoma Corporation,
Plaintiff/Appellant,

v.

Heath JOHNSTON, Defendant/Appellee.

No. 105,437.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Dec. 1, 2008.

Mark D. Lyons, Lyons & Clark, Inc., Tulsa, OK, for Plaintiff/Appellant.

Michael Lee Carr, Philard L. Rounds, Jr., Reagan L. Madison, Holden, Carr & Skeens, Tulsa, OK, for Defendant/Appellee.

Opinion by CAROL M. HANSEN, Judge.

¶1 Plaintiff/Appellant, Lot Maintenance, Inc. (Lot Maintenance), seeks review of the trial court's order vacating Lot Maintenance's default judgment against Defendant/Appellee, Heath Johnston. We find no abuse of discretion and affirm.

¶2 On October 9, 2006, Lot Maintenance's vehicle and Johnston's vehicle collided. Lot Maintenance filed suit against Johnston on January 18, 2007 for damages arising from the collision. It served Johnston with the petition and summons on February 18, 2007. Johnston did not answer, and Lot Maintenance took a default judgment on March 22, 2007.

¶3 On June 20, 2007, Johnston petitioned to vacate the default judgment, alleging as follows: Johnston hired attorneys Roger Johnson and Scott Vorhees to represent him in two other matters relating to the collision, the first being the defense of a traffic ticket and the second being a claim against Lot Maintenance for damages from the collision. Johnston was served with summons in the present case on February 18, 2007. A few days later Johnston told his attorneys by phone the State had served him with summons, which the attorneys mistakenly believed related to the traffic violation. They advised Johnston to deliver the summons to their office. Johnston was admitted to the hospital on February 23, 2007 for bone graft surgery for injuries sustained in the collision. He remained hospitalized for several days and continued on heavy doses of pain medication for one month. On March 12, 2007, Johnston's passengers brought a negligence action against him for damages arising from the collision. The law firm of Holden, Carr and Skeens represented him in defending that matter.[1] On May 14, 2007, Johnston learned a default judgment had been rendered against him in the present matter. Holden, Carr and Skeens attempted to nego-tiate a voluntary vacation of the default judgment but were unable to do so.

¶4 Lot Maintenance answered the petition to vacate default judgment, opposing the requested relief. It moved for continuance of the hearing on the petition so that additional discovery could be completed regarding the fact assertions made by Johnston's attorneys, Johnson and Vorhees, in support of the petition to vacate default judgment.

¶5 At hearing on the petition to vacate, Mike Carr of Holden, Carr and Skeens appeared for Johnston. Lot Maintenance's counsel requested clarification as to whether Carr represented Johnston or his insurer. The trial court stated, "He represents the insurance company .... and once he files a petition to vacate, he's in the case on behalf of Mr. Johnston." The trial court then asked Carr whether the insurance company intended to defend Johnston or to take the position it had no liability because it had no notice of the suit. Carr responded that the insurer intended to defend Johnston and to pay any settlement or judgment. The trial court stated, "there is the case out there that says if the insurance company wasn't given notice and default was granted, then it's an abuse of discretion not to let them back in to defend the case." It then granted a recess to allow Carr to confirm the insurer would grant coverage to Johnston if the default judgment was vacated. Following the recess, Carr announced the insurer would not contest coverage if there were no default. The trial court granted the petition to vacate default judgment based on the insurance company not having notice of the suit before entry of the default judgment. It denied Lot Maintenance's motion for continuance.

¶6 Lot Maintenance appeals pursuant to 12 O.S.2001 § 993 (A)(7). It contends the trial court erred in (1) conducting a summary hearing on a petition to vacate a default judgment without hearing evidence or allowing discovery, (2) refusing to continue the hearing to allow discovery on the alleged factual bases for unavoidable casualty or mis-

---

1. In the action by Johnston's passengers, Johnson and Vorhees filed a cross-claim on Johnston's behalf against Lot Maintenance, but later dismissed it. Lot Maintenance then sought sanctions, alleging the cross-claim was frivolous.

fortune, and (3) setting aside the default judgment. Lot Maintenance argues the trial court should have allowed discovery and trial on the fact issue of whether Johnston gave the summons to his attorneys and whether they negligently failed to answer.

¶ 7 In *Crawford v. Gipson*, 1982 OK 31, 642 P.2d 248, the defendant's insurer filed a petition to vacate default judgment entered against the defendant in a personal injury action. After a hearing, the trial court denied the petition to vacate for failure to show unavoidable casualty or misfortune. In reversing, the Oklahoma Supreme Court applied an abuse of discretion standard of review, stating "default judgments are never viewed with favor ... and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused." *Id.* at 251 (quoting *Burroughs v. Bob Martin Corp.*, 1975 OK 80, 536 P.2d 339, 342–343). It concluded the trial court abused its discretion in refusing to vacate the default judgment on the ground of unavoidable casualty and misfortune when the insured did not timely inform his insurer of the lawsuit. *Id.*

¶ 8 In the present case, the trial court vacated the default judgment based on the uncontested representation of the attorney retained by the insurer that the insurer did not have notice of the suit before entry of the default judgment. Lot Maintenance sought discovery on the fact issue of whether Johnston informed his personal attorneys, who were representing him as a criminal defendant and a personal injury plaintiff, of Lot Maintenance's suit against him, not whether he informed the insurer or its attorney of the suit. Johnston's failure to inform his insurer of the suit provides grounds for vacating the default judgment independent of his communications with his personal attorneys. Therefore, even if Lot Maintenance had the opportunity to conduct discovery and present evidence regarding Johnston's communications with his personal attorneys, the result would not have changed. The trial court did not abuse its discretion in refusing Lot Maintenance's motion for continuance and in vacating the default judgment.

¶ 9 Accordingly, the trial court's order is AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.